FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 10, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER D. WOOD,

Plaintiff,

v.

MULTNOMAH COUNTY
SHERIFF'S DEPT., SHERIFF
NICOLE M. O'DONEELL, CLARK
COUNTY SHERIFF'S OFFICE,
and SHERIFF JOHN HORSCH,

Defendants.

No. 4:26-cv-5021-EFS

**ORDER OF DISMISSAL**

On February 13, 2026, the Court received Plaintiff Christopher D. Wood's *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] That same day, the Clerk of Court instructed Plaintiff to keep the Court

---

[1] ECF No. 1.

ORDER OF DISMISSAL - 1

informed of any change of address, stating, "If you do not provide written notice of your change of address, the District Court Executive/Clerk cannot be responsible for your inability to receive Court orders and correspondence."[2]

At the time the Complaint was filed, Plaintiff was housed at the Benton County Jail.[3] On March 5, 2026, Plaintiff filed a Notice of Change of Address, informing the Court that he was being housed at a treatment center in Spokane Valley until March 17.[4] Plaintiff provided his updated contact information at the American Behavioral Health System and also provided a phone number for his "significant other[.]"[5] However, mail addressed to Plaintiff at the American Behavioral Health System, the last address provided, was returned as undeliverable on April 7, 2026, and April 14, 2026.[6]

---

[2] ECF No. 2.

[3] ECF No. 1 at 2; ECF No. 1-1 at 1.

[4] ECF No. 8 at 1.

[5] *Id.*

[6] ECF Nos. 10, 11.

ORDER OF DISMISSAL - 2

Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and opposing parties advised as to his current mailing address. If mail directed to a *pro se* plaintiff is returned by the Postal Service, he has sixty (60) days to notify the Court and opposing parties of his current address or the Court may dismiss the action.[7]

The Court has an interest in managing its docket and in the prompt resolution of civil matters.[8] Plaintiff has failed to keep the Court apprised of his current address. Therefore, the Court finds cause to dismiss this case for failure to prosecute.

---

[7] LCivR 41(b)(2).

[8] *See Destfino v. Reiswig,* 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket); *see also Pagtalunan v. Galaza,* 291 F.3d 639, 642-44 (9th Cir. 2002) (discussing factors to consider in dismissing claim for failure to prosecute or failure to comply with court order, including the public's interest in expeditious resolution, the court's need to manage docket, and the risk of prejudice to defendants).

ORDER OF DISMISSAL - 3

Accordingly, **IT IS HEREBY ORDERED**:

1.      This action is **DISMISSED WITHOUT PREJUDICE** pursuant to LCivR 41(b)(2).

2.      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, **enter judgment**, provide copies to Plaintiff at his last known address, and **CLOSE** the file.

DATED this 10th day of June 2026.

_____
EDWARD F. SHEA
Senior United States District Judge

ORDER OF DISMISSAL - 4